FILED

2026 Jul-16  PM 05:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**In the United States District Court**
**For the Northern District of Alabama**
**Southern Division**

| | | |
|---|---|---|
| **United States of America** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 2:26-CR-00027-HDM-GMB** |
| | **)** | |
| **Franc N. Maloney** | **)** | **Sentencing Memorandum** |

Mr. Franc Maloney has been in uninterrupted custody since January 22, 2026, when he was arrested by Blount County, Alabama, law enforcement for the state case that is related to the instant federal offense.[1] He will come before this Honorable Court for sentencing on July 22, 2026, exactly six months later. The U.S. Probation Office has correctly calculated Mr. Maloney's guidelines range at zero to six months, in Zone A of the Sentencing Table.[2] Mr. Maloney therefore joins the government in seeking a within-guidelines sentence,[3] and respectfully submits that this can be achieved by sentencing him to time-served, to be followed by a term of supervised release. Such a disposition, which is tantamount to a high-end sentence, is justified by the statutory sentencing factors, and is "sufficient, but not greater than necessary."[4]

Mr. Maloney will turn 72 years old about two weeks after this Court imposes sentence. A college graduate, Mr. Maloney has lived in Alabama as a Lawful

---

[1] *See* PSR at pp. 1-2, "Release Status."

[2] *See* PSR at ¶ 50.

[3] Pursuant to the Plea Agreement, the government will recommend a within-guidelines sentence. *See* Doc. 17 at 4.

[4] 18 U.S.C. § 3553(a).

1

Permanent Resident for the past 14 years. Mr. Maloney relocated here from his native Canada shortly before marrying his wife. This followed his long career as a Locomotive Engineer for the Canadian Pacific Railroad. In recent years, Mr. Maloney has battled cancer and managed other chronic health conditions, but he has still worked consistently as he is able, up until being taken into custody in the state case that parallels this matter.

These components of Mr. Maloney's history and characteristics[5] inure in favor of the requested sentence. With respect to criminal history: outside of the instant offense, Mr. Maloney has no prior criminal convictions, either in the United States or in Canada. Mr. Maloney acknowledges, however, that he does face unrelated charges in a Blount County case,[6] which was stayed pending the outcome of the instant case. Although that case presents very serious charges, it concerns alleged conduct that dates back to 2022, and the case has remained pending since that time. It is noteworthy that Mr. Maloney was on bond in that matter for the better part of four years, and the sole ground for the State moving to revoke his bond is the fraudulent voting conduct at issue in the instant federal case. Mr. Maloney respectfully submits that since these unrelated charges—of which he is presumed innocent—will be addressed in due course by the charging jurisdiction, they should not have outsize influence on the disposition here.

---

[5] *See* 18 U.S.C. § 3553(a)(1) (the need for the sentence imposed to reflect the offender's "history and characteristics").

[6] *See* PSR at ¶ 29.

A time-served sentence is in harmony with the remaining pertinent[7] sentencing factors. As noted, the requested sentence is consistent with the advisory guideline range[8] that duly accounts for the nature and circumstances[9] of Mr. Maloney's crime and his lack of any prior criminal convictions. Importantly, the same zero-to-six-month range would have applied to Mr. Maloney even if convicted of all four of the counts charged in the Indictment, rather than the single count to which he pleaded guilty under the Plea Agreement.[10]

The JSIN statistics presented in the PSR lend further support to a time-served sentence.[11] The reality that all three of the similarly situated defendants sentenced nationwide, over the past five fiscal years, received a six-month sentence suggests that the sentence requested here will not result in an unwarranted disparity.[12] Mr. Maloney would be the fourth such offender sentenced to the same high-end sentence as these three other individuals, a disposition that will present no threat to general

---

[7] Restitution is not at issue in this matter. *See* PSR at ¶¶ 64-65; 18 U.S.C. § 3553(a)(7).

[8] *See* 18 U.S.C. § 3553(a)(4)(A) (the district court shall consider the "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines") (cleaned up).

[9] *See* 18 U.S.C. § 3553(a)(1) (the need for the sentence imposed to reflect the "nature and circumstances of the offense").

[10] *See* USSG §1B1.3(a)(1)(A), "Relevant Conduct (Factors that Determine the Guideline Range" (specific offense characteristics, unless otherwise specified, will be applied based upon "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant"). *See also* USSG §3D1.2(b), "Groups of Closely Related Counts" ("All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule . . . When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.").

[11] *See* PSR at ¶67.

[12] *See* PSR at ¶67; 18 U.S.C. § 3553(a)(6) (the district court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").

deterrence.[13] There is no serious argument that a high-end guidelines sentence would not respect the seriousness of Mr. Maloney's offense, undermine respect for the law, or fail to justly punish him.[14] That same logic applies equally to specific deterrence for Mr. Maloney, and further suggests that the requested sentence will be sufficient to protect the public.[15] And, as a practical matter, Mr. Maloney will be returned, in custody, to the Blount County Jail at the conclusion of these proceedings to address both the related and unrelated matters pending there, further indicating that the sentence requested here will not impact public safety.

Mr. Maloney is remorseful for his actions, and he realizes they carry serious consequences even beyond the custodial component of his sentence. For all of the reasons cited herein, and those Mr. Maloney will articulate at his upcoming Sentencing Hearing, he respectfully asks this Honorable Court to sentence him to time-served.

Respectfully submitted,

KEVIN L. BUTLER
Federal Public Defender
Northern District of Alabama

**/s/ James T. Gibson**
JAMES T. GIBSON
Assistant Federal Public Defender
505 20th Street North, Suite 1425

---

[13] *See* 18 U.S.C. § 3553(a)(2)(B) (the district court shall consider the need for the sentence "to afford adequate deterrence to criminal conduct").

[14] *See* 18 U.S.C. § 3553(a)(2)(A) (the district court shall consider the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense").

[15] *See* 18 U.S.C. § 3553(a)(2)(C) (the district court shall consider the need for the sentence "to protect the public from further crimes of the defendant").

Birmingham, Alabama 35203
(205) 208-7170
james_gibson@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2026, I electronically filed the foregoing via this Court's CM/ECF system, which will send notice of such filing to all counsel of record.

Respectfully submitted.

**/s/ James T. Gibson**
JAMES T. GIBSON
Assistant Federal Public Defender

5